FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

99 AUG -5  AM 10: 07

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **CURTIS LEVON PARCUS,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 98-N-1931-NE |
| **COLONIAL PROPERTIES, INC.,** | ] |
| Defendant. | ] |

**ENTERED**

### Memorandum of Opinion

AUG 0 5 1999

In this action, plaintiff Curtis Levon Parcus brings suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, alleging that defendant Colonial Properties, Inc. (hereinafter "Colonial") discriminated against him on the basis of age. Specifically, he alleges that Colonial refused to hire him for a maintenance position at its Perimeter Park complex and instead hired a younger individual.

The matter is presently before the court on Colonial's motion for summary judgment that was filed on May 6, 1999. The motion has been fully briefed[1] and was submitted for decision at the court's regularly scheduled motion docket on Thursday, July 29, 1999. Upon due consideration, though a fairly close question, the motion for summary judgment will be denied.

---

[1] The court is pleased to commend counsel for the parties for both the quality and the unusual and refreshing candor exhibited in their respective submissions.

36

1. **Statement of Facts.**[2]

Curtis Levon Parcus began his employment with Harbert Realty (hereinafter "Harbert") in March of 1989 as a maintenance supervisor. Prior to accepting that position, Parcus had extensive maintenance experience dating back to 1968. He served as a maintenance supervisor with Harbert until January 1998.

In late 1997, the defendant Colonial agreed to purchase the Perimeter Park office buildings from Harbert. At the time, Parcus was serving as the maintenance supervisor at Perimeter Park and had two maintenance workers subject to his supervision. One of these workers was 27 year-old Randall Bezotte, a maintenance trainee. When Colonial acquired the property, Karen Elmore—one of Colonial's property managers—was placed in charge of hiring and staffing the Perimeter Park buildings. Colonial already had two maintenance workers on its staff who were familiar with the Perimeter Park property: Ricky McElyea, the maintenance supervisor, and Mike Satterfield, the maintenance technician. Based on an analysis of the maintenance needs and current staff of the Perimeter Park buildings, Elmore concluded that Colonial only needed to hire one additional maintenance employee. In particular, Elmore determined that the Perimeter Park complex was in need of a maintenance technician, rather than a maintenance supervisor.

In late December of 1997, Elmore interviewed both Parcus and Bezotte for the maintenance position available at the Perimeter Park complex. Bezotte was ultimately hired

---

[2] In developing the statement of facts in this opinion, the court considered those facts claimed to be undisputed by the parties, the parties' respective responses to those claims, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied*, *USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

for the position. The parties disagree substantially as to whether Elmore discussed with Parcus and Bezotte their salary requirements and the salary for the available position. Elmore claims that Parcus indicated that his salary requirement would be approximately $15.04 per hour and Bezotte suggested that he would require approximately $9.25 per hour (*Depo. of Karen Elmore* at 24, 46), while both Parcus and Bezotte have stated that salary information was never discussed during their interviews (*Aff. of Curtis Parcus* at ¶ 10, 16; *Aff. of Randall Bezotte* at ¶ 4). Colonial has a general policy that it does not hire and pay workers from newly-acquired property for less pay than they were making while working for the previous owner. (Defendant's Exhibit 3, p. 27; Defendant's Exhibit 4, p. 70). It is clear, however, that Parcus did not list his salary requirements on his application form and that Bezotte completed the application only after he was hired. On his application, Bezotte indicated a salary requirement of $9 per hour. He was hired at a rate of approximately $9.62 per hour.

After learning that the maintenance position had been awarded to Bezotte, Parcus filed an EEOC charge alleging discrimination on the basis of his age on February 24, 1998. He filed the present lawsuit after receiving his right to sue letter from the EEOC. He was 63 years old at the time.

**2.      Summary Judgment Standard.**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party

3

asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving

4

party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable

5

inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

**3.    Discussion.**

A plaintiff who alleges disparate treatment based on age under the ADEA must prove that the defendant acted with a discriminatory purpose.[3] *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984) (race discrimination case). A plaintiff can create a rebuttable presumption of discriminatory intent by establishing a prima facie case, *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir. 1988), *cert. denied*, 488 U.S. 1004 (1989), and may establish a prima facie case in one of three ways: (1) by presenting direct evidence of discriminatory intent; (2) by meeting the burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); or (3) by demonstrating through statistics a pattern of discrimination. *See Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989) (citations omitted). "[O]nly the most blatant remarks, whose intent could be nothing more than to discriminate . . . constitute direct evidence of discrimination." *Id.* at 582. In the present case, Parcus has presented no direct or statistical evidence of discrimination by the defendant. Therefore, he must establish a prima facie case of discrimination, if at all, through circumstantial evidence.

Where a plaintiff's discrimination claim is based on circumstantial evidence, the

---

[3] The Eleventh Circuit has applied the analytical framework for Title VII disparate treatment claims, set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to ADEA disparate treatment claims. *Grigsby v. Reynolds Metal Co.*, 821 F.2d 590, 594 (11th Cir. 1987).

6

court employs the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the plaintiff has the burden of establishing a prima facie case of discrimination.[4] "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The burden of production then shifts to the defendant, requiring it to articulate some "legitimate, nondiscriminatory reason" for the alleged discriminatory employment action. *Id.* "[I]t is possible for the defendant to present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted." *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 950 (11th Cir. 1991) (quoting *Grigsby v. Reynolds Metal Co.*, 821 F.2d 590, 596 (11th Cir. 1987), *cert. denied,* 502 U.S. 1058 (1992)).

Once the defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination "drops from the case." *Burdine,* 450 U.S. at 255 & n.10. The plaintiff must then prove by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather is a mere pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804. In the Eleventh Circuit, summary judgment for the defendant is inappropriate once a plaintiff has established a prima facie case and there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged

---

[4] Under this test, the elements of a prima facie case may be modified to fit the circumstances. "The *McDonnell Douglas–Burdine* proof structure 'was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.'" *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 594 (11th Cir. 1987) (quoting *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)).

7

actions. *Combs v. Plantation Patterns,* 106 F.3d 1519 (11th Cir. 1997); *Howard v. BP Oil Co.,* 32 F.3d 520 (11th Cir. 1994).

In the present case, the parties have essentially agreed that plaintiff has stated a prima facie case under *McDonnell Douglas* and that the defendant has articulated a legitimate, nondiscriminatory reason for failing to hire Parcus at the Perimeter Park complex. As noted earlier, once the defendant has provided a nondiscriminatory reason for its actions, the plaintiff may survive the defendant's summary judgment motion by showing that there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged actions. *Combs,* 106 F.3d at 1528.

Though a close question, Parcus has met his burden of creating a genuine issue regarding whether Colonial's proffered reason for failing to hire him was pretextual. It is clear that a genuine issue exists as to whether Colonial asked about the salary requirements or expectations of Parcus and Bezotte during their interviews. *Compare Depo. of Karen Elmore* at 24, 46, *with Aff. of Curtis Parcus* at ¶ 10, 16; *Aff. of Randall Bezotte* at ¶ 4. It also appears that what Parcus and Bezotte told Elmore with regard to their salary requirements is material to the determination of whether Colonial is entitled to summary judgment. While the court could imagine other ways in which Colonial could be made aware of Parcus' and Bezotte's salary histories and requirements, the only contention made by the defendant in this case is that the two men told Elmore they wanted to receive approximately $15.04 and $9.25 per hour, respectively. It is undisputed that the plaintiff did not list any salary requirement on his application form and that Bezotte listed his salary

requirement of $9 per hour only after he was hired. In fact, there is no indication from the evidence before the court that Colonial even knew what salary Parcus was receiving in his prior position as maintenance supervisor. Aside from financial considerations, the defendant has not provided any other explanation for the decision not to hire Parcus. Thus, the very basis upon which Colonial claims to have made its decision is a matter of significant dispute, and the court has no choice but to disbelieve the defendant's proffered reason for its action.

Under these circumstances, the court is satisfied that Mr. Parcus has produced evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons" he was not hired at the Perimeter Park complex. *Combs*, 106 F.3d at 1528. Of course, the fact that the court has found a genuine issue of material fact regarding the question of whether the defendant's stated reason was the true reason for its decision not to hire the plaintiff does not end the matter. At trial, the plaintiff will be required to prove that the defendant *intentionally* discriminated against him on the basis of his age. If the defendant can produce at trial evidence that it had reasonable cause to believe and did reasonably believe that it could hire Bezotte for substantially less money than it could hire Parcus, it may yet prevail.

### 4. Conclusion.

For the foregoing reasons, the defendant's motion for summary judgment will, in all respects, be denied. An appropriate order, consistent with this opinion, will be entered.

Done, this __4th__ of August, 1999.

                              EDWIN L. NELSON
                      UNITED STATES DISTRICT JUDGE